question of her credibility, the relationship existing between these parties subsequent to the time when the complainant missed the jewelry, in view of her assertion that she suspected him, was competent and relevant; and although her cross-examination showed, as stated, that their relations were neither casual nor formal, it was very material to place beyond doubt, if it could be done, what was the light in which she viewed the defendant. As bearing upon this, nothing could be more significant or convincing than the letters which she herself wrote to him from Philadelphia, and which, as they appear in this record, were filled with endearing terms. Had they not been, as we think, improperly excluded, the jury could not, upon this branch of the case, have reached the conclusion that after the alleged theft the relations between the parties were either casual or formal. In view of the unsatisfactory condition of the complainant's testimony upon which the defendant was convicted, it was highly important for the defendant to have had the benefit, as bearing upon her credibility and motive, of these letters; and for their exclusion alone, as we regard them as both material and competent, the judgment should be reversed, and a new trial granted. All concur.

---

## In re HUNTINGTON'S ESTATE.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

TRANSFER TAX—CHARITABLE CORPORATIONS—EXEMPTIONS—WHEN ALLOWED.

    Certain corporations were exempt from taxation by special acts of the legislature, and the general tax law (Laws 1896, c. 908, § 4, subd. 7) declared exempt from taxation real and personal property of such corporations organized exclusively for one or more of the charitable purposes therein described. Section 220 of article 10 of the tax law, relating to transfer tax, provides that such tax shall be imposed on transfer of property to persons or corporations not exempt from taxation on real or personal property. Laws 1900, c. 382, amending such laws by adding section 243, provides that the exemption in section 4 of the tax law shall not be applicable in any manner to the provisions of article 10. *Held*, that charitable corporations basing their claim to exemption from the transfer tax solely on the general exception granted to charitable and religious corporations in the tax law (section 4) were not exempt from the transfer tax, but those basing their claims on exempting provisions of the act under which they were incorporated, or special acts so providing, were exempt.

Appeal from order of surrogate, New York county.

In the matter of the appraisal, under the act in relation to the transfer tax, of the property of Charles P. Huntington. From an order of the surrogate (70 N. Y. Supp. 429) reversing an order assessing a transfer tax on certain legacies, Bird S. Coler, comptroller of the city of New York, appeals. Affirmed in part, and reversed in part.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Jabish Holmes, Jr., for appellant.

Edward W. Sheldon, for respondent New York Society for Relief of Ruptured and Crippled.

William A. Thompson, for respondent American Female Guardian Society and Home for the Friendless.

Stanley W. Dexter, for respondent Children's Aid Society.

John Mason Knox, for respondent Roosevelt Hospital.

HATCH, J. Charles P. Huntington died April 20, 1900, leaving a last will and testament, which was duly admitted to probate by the surrogate's court of New York county, by which he gave a legacy of $20,000 to each of the following corporations, viz.: The Roosevelt Hospital, Children's Aid Society, New York Society for the Relief of the Ruptured and Crippled, and the American Female Guardian Society and Home for the Friendless. The taxable transfers law (chapter 908, Laws 1896) imposes a tax of 5 per cent. upon all transfers of property to corporations not exempt by law from taxation on real or personal property, and an appraiser, duly appointed under said act to fix the value of the property of this estate subject to such tax, found the value of each of said legacies to be $20,000, and pursuant to his report the surrogate made and entered an order fixing the amount of the tax upon each. From that order the said corporations appealed to the surrogate, and the said order was reversed in so far as the same fixed and assessed a tax upon the transfers to the respondents, and such transfers were held to be exempt from the transfer tax. From this order of reversal the comptroller appeals to this court, urging that none of the said corporations are exempt from the transfer tax.

It is provided by the tax law (Gen. Laws, c. 24, § 4, subd. 7) that:

"The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, Bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation, shall be exempt from taxation."

Under this provision the property of each of the corporations to whom legacies were given by the testator would be exempt from taxation for general purposes, and, under the provision of the taxable transfers law referred to (section 220, c. 908, Laws 1896; chapter 24, Gen. Laws), would, therefore, be exempt from the tax on transfers, were no other statutes in question. In 1900, however, the legislature (Laws 1900, c. 382) amended the taxable transfers law by adding to the same a new section, which reads as follows:

"Sec. 243. Exemptions in Article One not Applicable. The exemptions enumerated in section four of the tax law, of which this article is a part, shall not be construed as being applicable in any manner to the provisions of article ten hereof."

Article 10, referred to in the statute quoted, is the article providing for tax on transfers, and it is contended by the appellant that the effect of this amendment is that, in determining what corporations and individuals are exempt from taxation upon transfers of property, reference cannot be had or made to subdivision 7 of section 4 of the tax law, nor to any other provision of law, except the

provisions of the taxable transfers law itself, viz. article 10 of the tax law, which results in confining the exemptions to those persons and corporations enumerated in section 221 of article 10. Under this construction only a person who is a bishop, and only such cor-. porations as come under the head of religious corporations, would be entitled to exemption from the transfer tax. We have reached the conclusion that the position of the appellant is right as to the effect of the amendment of 1900 upon the corporations whose property is exempted from taxation for general purposes by section 4 of the tax law only. The language of the act is plain and unambiguous to the effect that the exemptions enumerated in that section shall not be applicable in any manner to the provisions of the taxable transfers law, and it is the duty of this court to give it effect according to its plain import and intent. , In re Prime, 136 N. Y. 362, 32 N. E. 1091. In giving this effect to the amendment of 1900, we are not to be understood as holding that it repeals, by implication or otherwise, the provision of section 220 of the tax law, respecting exemptions. Such is not its effect; nor is it necessary to so hold in order to reach the result announced. It amounts to an amendment of that section in result the same as if the legislature had stricken out the words, "not exempt by law from taxation," and had inserted in their stead the words, "not exempt by the provisions of this article or by charter or other special provision of law from taxation," etc. In other words, the new section simply declares that, in construing the provisions of the tax law as to exemptions from the transfer tax, no reference shall be had to section 4 of that law, nor shall any effect be given to it; but, if exemption is claimed, the right to it must be established by virtue of the provisions of some other law. The amendment cannot be so construed as to extend its effect beyond this, and so justify the argument of the appellant that only such persons and corporations as are designated by section 221 of the tax law are entitled to the exemption from the transfer tax. Such extension we deem entirely unwarrantable. The language of the new section is definite, and has precise meaning. Its purpose and effect are clearly confined to the exemptions enumerated in section 4 of the tax law; and where the language of a statute is definite, and has a precise meaning, courts cannot go beyond or outside of it, under pretext of interpretation, to cure any supposed blunder of the legislature or otherwise. Johnson v. Railroad Co., 49 N. Y. 462. The amendment of 1900 went into effect before the death of the testator, and is, therefore, applicable to this proceeding; and we conclude that the persons and corporations mentioned in section 221 of article 10 of the tax law, and such others as are exempted from taxation by the provisions of any law other than section 4 of article 1 of the tax law, are entitled to exemption from taxation under the taxable transfers article, viz. article 10 of chapter 24 of the General Laws.

It remains to be seen, then, what is the effect of this construction upon the corporations in question. The New York Society for the Relief of the Ruptured and Crippled is a charitable corporation, organized in 1863, under chapter 319 of the Laws of 1848, and bases

its claim to exemption solely upon the general exemption from taxation granted to charitable and religious corporations contained in section 4 of the tax law. The American Female Guardian Society and Home for the Friendless was incorporated by a special act of the legislature in 1849 (chapter 244) as the American Female Guardian Society, and in 1887 its name was duly changed to that under which it is now known. When before the appraiser, the society simply proved its incorporation, but before the surrogate it based its claim to exemption on the act creating it, and also on chapter 249 of the Laws of 1857, and chapter 285 of the Laws of 1881; but none of these laws contain provisions exempting the property of the society from taxation. The Roosevelt Hospital was chartered by chapter 4 of the Laws of 1864, and in and by section 3 of that act it is provided that the property, real and personal, of said corporation, shall be exempt from taxation; and by section 5 of the act that the said corporation may take and hold any additional donations, grants, devises, and bequests which may be made to it. The Children's Aid Society was organized under the provisions of chapter 319 of the Laws of 1848, providing for the incorporation of benevolent, charitable, and missionary societies. This act contains no exemption from taxation, but chapter 468 of the Laws of 1868—a special act relating to said society—provides that the real and personal property belonging to the society shall be exempt from taxation, and this exemption is also contained in the New York consolidation act (section 824, subd. 12).

It follows, applying the provisions of the law as we have construed them, that the property of the American Female Guardian Society and Home for the Friendless and of the New York Society for the Relief of the Ruptured and Crippled is not exempt from the transfer tax, and as to them the order appealed from should be reversed, and the order assessing a transfer tax upon each of their legacies of $20,000 should be affirmed. The Roosevelt Hospital and Children's Aid Society are entitled to the exemption from the transfer tax claimed by them and allowed by the surrogate, and as to each of them the order appealed from should be affirmed, without costs of this appeal to either party. All concur.